# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO. 5:10-CV-00040-R

**JSC TERMINAL, LLC**                                                                             **PLAINTIFF**

**v.**

**PAUL F. FARRIS**                                                                                    **DEFENDANT**

## MEMORANDUM OPINION & ORDER

This matter comes before the Court upon Plaintiff's Motion to Remand (DN 4). Defendant has responded (DN 8), and Plaintiff has replied (DN 12). This matter is now ripe for adjudication. For the reasons that follow, Plaintiff's Motion is DENIED.

## BACKGROUND

Plaintiff, JSC Terminal, LLC ("JSC"), alleges that Defendant Paul F. Farris, its former employee, is in violation of a Non-Competition and Confidentiality Agreement ("Agreement"). The Agreement restricts Farris's conduct for three years after his employment with JSC terminates. Farris's employment with JSC was terminated on January 11, 2010; he has since accepted employment with Seay Oil Company, Inc. ("Seay"). JSC claims that Seay is a direct competitor of JSC and that Farris has called upon and/or solicited business from numerous of its customers on behalf of Seay in violation of the Agreement.

Farris removed this action from state court on February 24, 2010. JSC objects to removal, arguing that the amount in controversy does not exceed the minimum jurisdictional requirement of $75,000.

## STANDARD

A federal district court has original diversity jurisdiction when a suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

Generally, any civil action brought in a state court may be removed by a defendant to federal court if it could have been brought there originally. 28 U.S.C. § 1441(a). But because this removal statute implicate federalism concerns, it must be "narrowly construed." *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000).

"A defendant desiring to remove a case has the burden of proving the diversity jurisdiction requirements." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993). Specifically, the defendant must "show by a preponderance of the evidence that the allegations in the complaint at the time of removal satisfy the amount-in-controversy requirement." *Northrup Properties, Inc. v. Chesapeake Appalachia, LLC*, 567 F.3d 767, 769-70 (6th Cir. 2009). Where, as here, the plaintiff seeks an unspecified amount in damages, the defendant satisfies its burden by showing that the amount "more likely than not" exceeds $75,000. *E.g., Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006).

## ANALYSIS

"When ruling on a motion to remand, a court generally looks to the plaintiff's complaint, as it is stated at the time of removal, and the defendant's notice of removal." *Gentek Bldg. Prods., Inc. v. Steel Peel Litig. Trust*, 491 F.3d 320, 330 (6th Cir. 2007). A court may look beyond the pleadings, however, to assess challenged facts. *Id.* In its Complaint, JSC requests actual and consequential damages resulting from Farris's alleged breach of contract, as well as an injunction enjoining Farris from continuing to breach the Agreement. In his Notice of Removal Farris stated "Plaintiff seeks an unspecified amount of damages that will exceed the $75,000 minimum jurisdictional amount . . . as the accounts in question generated well in excess of $75,000 in net profits for Plaintiff, last year" and attached an affidavit similarly stating that he

2

regularly handled "accounts that in the aggregate generated well in excess of $75,000.00 in net profit."

Since the time of removal, JSC has stipulated that because the damages sought only extend to business actually taken in violation of the Agreement, if Farris does not further act in violation of the Agreement then the damages would be $74,999.99 or less. In the affidavit attached to its motion, JSC representative Bruce Wilcox specifically states:

> Thus far, Mr. Farris has taken two of the customers of [JSC]. Although the precise net profits lost thus far are incalculable at this time, and in fact are still accruing, that amount is far below $75,000.00.
> For the purposes solely of the instant lawsuit against Mr. Farris, individually, [JSC] will stipulate that its damages are $74,999.99 or less. Furthermore, [JSC] will not seek a judgment of more than $75,000 against Mr. Farris, individually.

But as Farris notes, "a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000).

Furthermore, JSC's stipulation is based on the assumption that Farris would not, in its view, continue to violate the Agreement. JSC's calculation is based on the net profits lost by two customers that Farris has allegedly taken. JSC, however, is seeking more than damages, it also wants to enjoin Farris from soliciting its customers and competing against it until January 2013. For actions seeking injunctive relief, the amount in controversy is measured by "'the value of the object of the litigation.'" *Northrup*, 567 F.3d at 770 (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). Here, the object of the litigation is the Agreement.

Farris argues that the economic value to JSC of his former accounts, of which he would

be prohibited from soliciting for three years under the Agreement, exceeds $75,000 because they regularly constituted sales in excess of $300,000 per year.[1] In other words, if Farris succeeded in taking all of his former accounts from JSC, JSC would lose potentially $900,000 in sales or more, placing the value of the Agreement above the jurisdictional threshold.

The Court finds that it is proper to calculate the value of the Agreement by how much JSC stands to lose if the Agreement is not enforced. The Court further finds that Farris has shown that the allegations of JSC support a claim of more than $75,000. Additionally, because the Agreement includes a provision for reimbursement of all "costs, expenses or damages," including "court costs, litigation expenses, and actual, reasonable attorneys' fees," JSC's attorneys' fees may be considered in determining the amount in controversy. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007) ("As a general rule, attorneys' fees are excludable in determining the amount in controversy for purposes of diversity, unless the fees are provided for by contract or where a statute mandates or expressly allows the payment of such fees.").

In sum, the Court holds that Farris has satisfied his burden of showing that the amount of controversy in this case exceeds $75,000.

---

[1] The Sixth Circuit has not decided whether to view the amount in controversy from the perspective of the plaintiff or the defendant, *Northrup*, 567 F.3d at 770 n.1, but Farris does not primarily argue that the value of the Agreement should be calculated from his viewpoint. Because the Court finds that the amount in controversy is satisfied from JSC's perspective, Farris's secondary argument that the amount in controversy can also be satisfied by calculating the costs of his complying with the injunction does not need to be addressed.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (DN 4) is DENIED.